Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
# for the
# District of Massachusetts

|  |  |
|---|---|
| Felipe Jesus Mauricio Marroquin ) | |
|     Petitioner ) | |
| ) | **Case No.** |
|     v. ) | |
| **Joseph D. McDonald**, Plymouth County Sheriff ) | |
| **Todd M. Lyons**, Acting Director Immigration and ) | |
| Customs Enforcement, Boston Field Office ) | |
| **Michael Krol**, New England Field Office Director ) | |
| U.S. Immigration and Customs Enforcement ) | |
| **Patricia Hyde,** Director of the Boston Field ) | |
| Office, U.S. Immigration and Customs Enforcement ) | |
| Enforcement and Removal Operations ) | |
| **Kristi Noem,** U.S. Secretary of Homeland Security ) | |
| **Pamela Bondi**, Attorney General of the U.S. ) | |
| **Donald Trump**, President of the U.S. ) | |
|     Respondents ) | |

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

## INTRODUCTION

1. Felipe Jesus Mauricio Marroquin (hereinafter "the Petitioner") is a resident of Massachusetts currently detained by the Department of Homeland Security (hereinafter "the Department"). The Department currently holds the Petitioner at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

2. The Petitioner alleges that his detention is a violation of the Due Process Clause of the Fifth Amendment and a violation of the Administrative Procedure Act. He asks this Court to assume jurisdiction over the matter of his detention, order the Respondents to desist from moving him outside of Massachusetts, and order his immediate release pending his bond proceedings.

## JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2241 (habeas corpus); Art. I, § 9, cl. 2 of the United States Constitution (Suspension Clause); and 28 U.S.C. § 2201 (declaratory judgment).

4. Venue is proper because Petitioner is detained in the District of Massachusetts by Immigration and Customs Enforcement (ICE) in Massachusetts and under the custody and control of ICE officials in Massachusetts at the time of the filing of this petition. Respondent Patricia Hyde is the Director of the Boston Field Office of ICE Enforcement and Removal Operations (ICE ERO), with authority over ICE ERO's operations and detainees in New England. The Petitioner has not yet left the jurisdiction of the Boston Field Office.

## PARTIES

5. Petitioner Felipe Mauricio Marroquin is a resident of Massachusetts. The Department currently holds him in the Plymouth County Correctional Facility in Plymouth, Massachusetts.

1

6. Respondent Donald J. Trump is named in his official capacity as the President of the United States. In this capacity, he is responsible for the policies and actions of the executive branch, including the Department of State and Department of Homeland Security.

7. Respondent Patricia Hyde is named in her official capacity as the New England Field Office Director for U.S. Immigration and Customs Enforcement.

8. Respondent Todd Lyons is named in his official capacity as the Acting Director for U.S. Immigration and Customs Enforcement. As the Senior Official Performing the Duties of the Director of ICE, he is responsible for the administration and enforcement of the immigration laws of the United States and is legally responsible for pursuing any effort to remove the Petitioner; and therefore, is a custodian of the Petitioner.

9. Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security. In this capacity, she is responsible for the administration of the immigration laws pursuant to Section 103(a) of the INA, 8 U.S.C. § 1103(a) (2007); is legally responsible for pursuing any effort to detain and remove the Petitioner; and therefore, is a custodian of the Petitioner.

10. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

11. Respondent Joseph D. McDonald is named in his official capacity as sheriff of Plymouth County. In this capacity, he is responsible for the detention of noncitizens held at the Plymouth County Correctional Facility, and therefore, is a custodian of the Petitioner.

## FACTS

12. On May 22, 2025, ICE agents approached the Petitioner in Salem, Massachusetts and arrested him. The agents then processed him and held him in Burlington, Massachusetts and served him with "court documents." The Petitioner is currently detained at the Plymouth County Correctional Facility.

## CLAIMS FOR RELIEF

### FIRST CLAIM

### Violation of Fifth Amendment Right to Due Process

13. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

14. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

15. The Respondents's detention of the Petitioner is unjustified. The government has not demonstrated that the Petitioner must be detained. *See Zadvydas*, 533 U.S. at 690 (finding immigration detention must further the twin goals of (1) ensuring the noncitizen's appearance during removal proceedings and (2) preventing danger to the community). The government must provide argument that the Petitioner cannot be safely released back to his community.

16. At this time, the Petitioner is not in removal proceedings. His detention is an unlawful violation of his due process rights because the Respondents have not yet charged him with a violation of law. Upon reason and belief, the Respondents did not present a warrant when they arrested the Petitioner. Petitioner is entitled to knowledge of the charges brought against him. Absent that, his detention violates his due process rights.

### SECOND CLAIM

**Violation of the Administrative Procedure Act and the *Accardi* Doctrine**

17. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

18. The Respondents have adopted a policy of moving detained noncitizens from facilities in their home states to frustrate judicial procedure and more swiftly effectuate the removal of those noncitizens. Transfer out of Massachusetts may also shift the burden of proof in bond proceedings from the Respondents to the Petitioner, making it more difficult for the Petitioner to secure release from his unlawful detention. This policy is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706 (2)(A), (B), (C), and violates the Accardi doctrine and federal agencies' own rules, see Accardi v. Shaughnessy, 347 U.S. 260 (1954).

19. At this time, the Petitioner is not in removal proceedings. His detention is an unlawful violation of his rights under the Administrative Procedure Act to be free from arbitrary and capricious administrative action. His detention also violates his statutory due process rights under the Administrative Procedure Act.

## FOURTH CLAIM

**Release on Bail Pending Adjudication**

20. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

21. Federal courts sitting in habeas possess the "inherent power to release the petitioner pending determination of the merits." *Savino v. Souza*, 453 F. Supp. 3d 441, 454 (D. Mass. 2020) (quoting Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam)); see also *Da Graca v. Souza*, 991 F.3d 60 (1st Cir. 2021). Federal courts "have the same inherent authority to

4

admit habeas petitioners to bail in the immigration context as they do in the criminal habeas case." *Id*. (quoting *Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001)). "A court considering bail for a habeas petitioner must inquire into whether the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Id*. (quoting Mapp, 241 F.3d at 230) (cleaned up).

22. This petition raises constitutional and statutory claims challenging the Petitioner's detention. Upon reason and belief, the Petitioner fears his transfer to a detention facility outside of Massachusetts, where his remote location would prevent him from adequately litigating his removal and bond proceeding by limiting his access to counsel and evidence located within the District of Massachusetts.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume Jurisdiction over this matter;
2. Order the Respondents to desist from transferring him outside of this District pending his removal proceedings;
3. Order the immediate release of the Petitioner pending these proceedings;
4. Vacate and set aside Respondents unlawful policy of transfer of detained noncitizens to frustrate judicial proceedings;
5. Award reasonable attorney's fees and costs for this action; and
6. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

**Felipe Mauricio-Marroquin**

By and through his counsel,

5

Dated: 05/30/2025

*/s/ Michael B. Kaplan*
Michael B. Kaplan, Esq.
Rubin Pomerleau, P.C. Two Center Plaza, Suite 520
Boston, Massachusetts 02108 Tel.: (617) 367-0077
Fax: (617) 367-0071
rubinpom@rubinpom.com
MA BBO#695642

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 30, 2025, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

May 30, 2025                                 /s/*Michael B. Kaplan*
                                                         Michael B. Kaplan